IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| ROBERT F. KAZIMOUR CO., individually and derivatively on behalf of RFK TRANSPORTATION, L.L.C.; KORLIN K. KAZIMOUR, individually and derivatively on behalf of RFK TRANSPORTATION LOGISTICS, L.L.C.; KIMBERLY K. KAZIMOUR, individually and derivatively on behalf of RFK TRANSPORTATION LOGISTICS, L.L.C.; ROBERT F. KAZIMOUR; JANIS L. KAZIMOUR; RFK TRANSPORTATION, INC.; JANCO TRANSPORTATION, INC.; PAN AMERICAN WORLD HIGHWAYS, LTD.; and ROBERT F. AND JANIS L. KAZIMOUR CHARITABLE LEAD TRUST, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 08-119<br><br>COMPLAINT<br><br>Jury Trial Demanded |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| WEST SIDE UNLIMITED CORPORATION; WEST SIDE TRANSPORT, INC.; WEST SIDE BROKERAGE, INC.; and DONALD VOGT. | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Robert F. Kazimour Company, individually and derivatively on behalf

of RFK Transportation, L.L.C.; Korlin K. Kazimour, individually and derivatively on behalf of

RFK Transportation Logistics, L.L.C.; Kimberly K. Kazimour, individually and derivatively on

behalf of RFK Transportation Logistics, L.L.C.;  Robert F. Kazimour; RFK Transportation, Inc.;

Janco Transportation, Inc.; Pan American World Highways, Ltd.; and Robert F. and Janis L.

Kazimour Charitable Lead Trust, for their Complaint against Defendants West Side Unlimited

Corporation, West Side Transport, Inc., West Side Brokerage, Inc., and Donald Vogt, state and allege as follows:

## Nature of the Case

1.    This action arises from an unsuccessful effort to combine the resources of two historically-competitive trucking and logistics operations.  The effort collapsed when one side of the transaction (the Defendants) decided to enrich themselves at the expense of the other side (the Plaintiffs).

## The Parties

2.    Plaintiff Robert F. Kazimour Company is an Iowa corporation with its last principal place of business located in Cedar Rapids, Iowa.  Robert F. Kazimour Company previously operated an over-the-road freight hauling company based in Cedar Rapids, Iowa, and drew its name from its founder, Robert F. Kazimour.  Robert F. Kazimour Company also is a member of an Iowa limited liability company formed in 2007 and known as RFK Transportation, L.L.C.

3.    Plaintiff Kimberly Kazimour is an individual living in the State of Florida.  Kimberly Kazimour also is a member of an Iowa limited liability company formed in 2007 and known as RFK Transportation Logistics, L.L.C.

4.    Plaintiff Korlin Kazimour is an individual living in Cedar Rapids, Iowa.  Korlin Kazimour also is a member of RFK Transportation Logistics, L.L.C.

5.    Plaintiff Robert F. Kazimour is an individual living in Cedar Rapids, Iowa.

6.      Plaintiff Janis L. Kazimour is an individual living in Cedar Rapids, Iowa. Janis Kazimour is the lessor of real estate located at 5650 6th St. SW, Cedar Rapids, Iowa.

7.      Plaintiff RFK Transportation, Inc. is an Iowa corporation with its last principal place of business in Cedar Rapids, Iowa. RFK Transportation, Inc. previously operated a trucking logistics company in Cedar Rapids, Iowa. Like Robert F. Kazimour Co., RFK Transportation, Inc. drew its name from its founder, Robert F. Kazimour.

8.      Plaintiff Janco Transportation, Inc. is an Iowa corporation. Janco serves as a holding company for certain assets, including truck tractors and trailers, owned or leased by Janco and subsequently leased to RFK Transportation, L.L.C. Janco derives its name from its shareholder, Janis Kazimour

9.      Plaintiff Pan American World Highways, Ltd. is an Iowa corporation with its principal place of business located in Cedar Rapids, Iowa. Pan American owns certain trailers at issue in this lawsuit.

10.      Plaintiff Robert F. and Janis L. Kazimour Charitable Lead Trust is a trust established under Iowa law which includes among its property certain trailers at issue in this lawsuit.

11.      Defendant West Side Unlimited Corporation ("West Side Unlimited") is an Iowa corporation with its principal place of business located in Cedar Rapids, Iowa. Among other things, West Side Unlimited operates an over-the-road freight hauling and trucking logistics company in Cedar Rapids, Iowa.

12.       Defendant West Side Transport, Inc. ("West Side Transport") is an Iowa corporation with its principal place of business located in Cedar Rapids, Iowa. West Side

Transport operates as a subsidiary or affiliate of West Side Unlimited, and also has served as manager of RFK Transportation, L.L.C. and RFK Transportation Logistics, L.L.C.

13.     Defendant West Side Brokerage, Inc. is an Iowa corporation with its principal place of business located in Cedar Rapids, Iowa.

14.     Defendant Donald Vogt is an individual and a resident of Cedar Rapids, Iowa and/or the State of Florida.  Vogt is President of West Side Unlimited, West Side Transport, and West Side Brokerage, Inc.

## Jurisdiction and Venue

15.     This Court has subject matter jurisdiction based upon federal question jurisdiction under 28 U.S.C. § 1331, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and under the Federal Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*.

16.     This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1, 2 and 3), (c) and 18 U.S.C. § 1965(a).

## Background and General Allegations

18.     Prior to the events described herein, Robert F. Kazimour Co. (the trucking company) and RFK Transportation, Inc. (the logistics company) each operated successfully for more than 30 years, becoming well-known and highly-respected throughout Iowa and the United States.  Each amassed significant contacts and goodwill in their respective industries.

19.    For many years, Robert F. Kazimour Co. and RFK Transportation, Inc. competed with West Side Unlimited, West Side Transport and/or their subsidiaries or affiliated entities.

20.    In January 2006, West Side Unlimited, through its then-President, David McIrvin, contacted Robert Kazimour to discuss acquiring the assets of Robert F. Kazimour Co. and RFK Transportation, Inc.  These negotiations reached fruition in or about June 2007, when McIrvin formed two new limited liability companies: RFK Transportation, L.L.C. and RFK Transportation Logistics, L.L.C.  The transaction was accomplished via five critical documents:

      a.    A Purchase/Sale Agreement between Robert F. Kazimour Co. and West Side Unlimited;

      b.    An Operating Agreement for RFK Transportation, L.L.C.

      c.    An Asset Purchase Agreement between Robert F. Kazimour Co. and West Side Unlimited;

      d.    A Purchase/Sale Agreement between RFK Transportation, Inc. and West Side Unlimited; and

      e.    An Operating Agreement for RFK Transportation Logistics, L.L.C.

### RFK Transportation, L.L.C.

21.    RFK Transportation, L.L.C. was established as a Cedar Rapids-based trucking company that was to engage in the dry van, regional and long haul truckload business.

22.    The initial members of RFK Transportation, L.L.C. were West Side Unlimited and Robert F. Kazimour Co.  Each held a 50-percent ownership interest. West Side Transport was named manager of RFK Transportation, L.L.C.

23.     The Operating Agreement for RFK Transportation, L.L.C. identifies the capital contribution of Robert F. Kazimour Co. as follows:

> The capital contribution of Robert F. Kazimour Co., shall include, without limitation, all of Robert F. Kazimour Co.'s customers, customer lists, drivers (including employees and owner/operators), office records and other books and records relating in any way to the operation of the Business, goodwill, going concern value, trade secrets, know-how, processes and all other intangible property of the Robert F. Kazimour Co., trade names, logos, DOT authorizations, licenses, and certificates.

24.     In addition to the capital described in Paragraph 22, RFK Transportation, L.L.C. and/or West Side Unlimited, on its behalf, acquired the rights and obligations associated with certain tractor and trailer leases previously associated with Robert F. Kazimour Co. These rights and obligations were acquired so that RFK Transportation, L.L.C. controlled tractors and trailers to haul freight.

25.     RFK Transportation, L.L.C. also agreed to assume lease obligations related to office space and equipment.

26.     RFK Transportation, L.L.C. was to operate with its initial members until December 31, 2010. At that point, pursuant to the Purchase/Sale Agreement, West Side Unlimited was required to buy Robert F. Kazimour's membership interests. The purchase price was to be calculated using a formula based upon the L.L.C.'s earnings from 2008 to 2010.

### RFK Transportation Logistics, L.L.C.

27.     RFK Transportation Logistics, L.L.C. was established as a Cedar Rapids-based logistics company and was to engage in freight brokerage and logistics.

28.     The initial members of RFK Transportation Logistics, L.L.C. were West Side Unlimited and RFK Transportation, Inc. Each held a 50-percent ownership interest. The

Operating Agreement required RFK Transportation, Inc. to transfer its membership/ownership interests within 30 days to Korlin Kazimour and Kimberly Kazimour, and this transfer was accomplished shortly after RFK Transportation Logistics was formed. West Side Transport was named manager of RFK Transportation Logistics, L.L.C.

29. The Operating Agreement for RFK Transportation Logistics, L.L.C. identifies the capital contribution of RFK Transportation, Inc. as follows:

> The initial capital contribution of RFK Transportation, Inc. shall be all of the customers, customer lists, revenue, office records and other books and records relating in any way to the operation of the Business, goodwill, going concern value, trade secrets, know-how, processes and all other intangible property of the RFK Transportation, Inc., DOT authorizations, licenses, and certificates.

30. Like RFK Transportation, L.L.C., RFK Transportation Logistics, L.L.C. was to operate with its initial members (West Side Unlimited, Korlin Kazimour and Kimberly Kazimour) only until December 31, 2010. At that point, pursuant to the Purchase/Sale Agreement, West Side Unlimited was required to buy Korlin Kazimour's and Kimberly Kazimour's membership interests. The purchase price was to be calculated using a formula based upon the L.L.C.'s earnings from 2008 to 2010.

### West Side's Conversion of the L.L.C.s' Business

31. At the outset of the transaction, McIrvin advised Robert F. Kazimour that Defendant Vogt was living in Florida, would only be a passive investor in the L.L.C.s, and would not be involved in their day-to-day operations. Kazimour relied upon these representations in deciding to move forward with the transactions.

32. In or about November 2007, Vogt abruptly returned to Iowa and terminated McIrvin's employment.

33.     Thereafter, Donald Vogt, West Side Unlimited and West Side Transport began converting the assets and income of the two L.L.C.s for the benefit of West Side Unlimited and West Side Transport.  On information and belief, this conduct has included:

a.     Redirecting the L.L.C.s' income to West Side Transport and/or West Side Unlimited;

b.     Improperly using tractors and trailers leased by RFK Transportation, L.L.C. for the benefit of West Side Unlimited and/or West Side Transport, without paying either the lessee(s) or RFK Transportation, L.L.C.;

c.     Converting insurance proceeds paid to RFK Transportation, L.L.C.;

d.     Usurping contracts and corporate opportunities of the L.L.C.s for the benefit of West Side Unlimited or West Side Transport;

e.     Misappropriating trade secrets;

f.     Failing to disclose conflicts of interest to L.L.C. members;

g.     Failure to disclose business opportunities to L.L.C. members;

h.     Forming a new corporation, Defendant West Side Brokerage, Inc., for the purpose of operating a brokerage business using the assets of RFK Transportation Logistics, L.L.C. to compete with RFK Transportation Logistics, L.L.C.; and

i.     Improperly seizing control of a Post Office box belonging to Robert Kazimour.

34.     The last of these improper actions – seizing the Post Office box – has resulted in Robert Kazimour being unable to obtain his personal mail.  The United States Postal Service has refused to release Kazimour's mail and has communicated that it will not do so absent an order from a federal court.  See correspondence dated August 1, 2008, attached hereto, marked as Exhibit "A."

35.     In or about July 2008, West Side Transport stopped managing the two L.L.C.s and, for all practical purposes, shut them down.

36.     Since then, the Plaintiffs with rights in the leased tractors, trailers, and equipment have made many efforts to retrieve their property, but West Side Transport and/or West Side Unlimited have refused to surrender much of it.

37.     West Side Unlimited and/or West Side Transport also have defaulted on various lease obligations and/or caused RFK Transportation, L.L.C. to default on a lease obligation for property located at 5650 6th St. SW, Cedar Rapids, Iowa.

**Causes of Action**

**Count I – Racketeering Influenced and Corrupt Organization, 18 U.S.C. § 1961 *et seq.* – Plaintiffs Against West Side Unlimited, West Side Transport and Donald Vogt**

38.     Plaintiffs incorporate by reference Paragraphs 1-37.

39.     Defendants Donald Vogt, West Side Unlimited, and West Side Transport are defendant persons for the purposes of 18 U.S.C. § 1961 *et seq*.

40.     Through Donald Vogt's and West Side Unlimited's ongoing control of West Side Transport and West Side Transport's ongoing membership in and control and management over RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C., Defendants West Side Unlimited, West Side Transport and Donald Vogt formed an association-

in-fact enterprise with RFK Transportation, L.L.C. and RFK Transportation Logistics, L.L.C. within the meaning of 18 U.S.C. § 1961 *et seq*. (the "West Side – RFK enterprise").

41.     The West Side – RFK enterprise was created and existed as an enterprise designed to manage the legitimate operations of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C. – functions distinct from the racketeering activity alleged herein.

42.     During all relevant times, Donald Vogt, West Side Unlimited, and West Side Transport maintained continuous personnel and a continuous structure effected to simultaneously manage RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C. and to engage in its common purpose and racketeering activities.

43.     West Side Transport participated in the control over RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C. as those companies' appointed manager pursuant to the Operating Agreements of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C.

44.     The common or shared purpose of the West Side – RFK enterprise was to allow Donald Vogt and West Side Unlimited, through West Side Transport as the manager of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C., to gain access to and convert the assets and legitimate operations of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C. for the benefit of Donald Vogt and West Side Unlimited.

45.     Pursuant to that common purpose, Donald Vogt, West Side Unlimited and West Side Transport have conspired and engaged in the following racketeering activity on a continuous and ongoing basis:

a. In violation of 18 U.S.C. § 659, 1952, 2312 and 2313, unlawfully taking the chattels of RFK Transportation Logistics, L.L.C. and/or RFK Transportation, L.L.C., including trailers, tractors, office equipment, and furniture, and transporting some or all of those chattels in interstate commerce; concealing some of these chattels after the chattels crossed state lines; and unlawfully collecting and retaining the mail of Robert F. Kazimour delivered to the post office box maintained at a United States Post Office;

46. Plaintiffs have been damaged by and continue to be damaged by the foregoing activity.

WHEREFORE, Plaintiffs request the Court enter judgment in their favor and against West Side Unlimited, West Side Transport, and Donald Vogt, award actual damages in an amount to be proven at trial, award treble damages, punitive damages, attorney's fees, costs, and expenses, and for other relief this Court deems proper.

## Count II – Derivative Action by Korlin Kazimour and Kimberly Kazimour Under Iowa Code Section 490A.1001 Against West Side Unlimited, West Side Transport, Donald Vogt, and West Side Brokerage

47. Plaintiffs Korlin Kazimour and Kimberly Kazimour restate Paragraphs 1-46 as if fully set forth herein.

48. Plaintiffs Korlin Kazimour and Kimberly Kazimour assert derivative claims on behalf of RFK Transportation Logistics, L.L.C. against West Side Unlimited, West Side Transport, Donald Vogt and West Side Brokerage.

49. At all times relevant, management of RFK Transportation Logistics, L.L.C. was vested in West Side Transport.

50. Absent a derivative action, Korlin Kazimour and Kimberly Kazimour lack the authority to cause RFK Transportation Logistics to sue in its own right.

51. Korlin Kazimour and Kimberly Kazimour are excused from making a demand upon RFK Transportation Logistics, L.L.C. to sue in its own right, because it would serve no apparent purpose to ask the L.L.C. (through its manager) to sue the manager and the manager's parent and affiliated corporations, given the allegations that West Side Transport and West Side Unlimited have engaged in self-dealing and other breaches of fiduciary duty.

52. At all times relevant, Korlin Kazimour and Kimberly Kazimour were members of RFK Transportation Logistics, L.L.C.

53. Korlin Kazimour and Kimberly Kazimour fairly and adequately represent the interests of the members of RFK Transportation Logistics, L.L.C. in enforcing the rights of the L.L.C.

54. RFK Transportation Logistics, L.L.C. has been damaged by the following:

> a. West Side Transport's self-dealing conduct, breaches of fiduciary duties, mismanagement, usurpation of corporate opportunities, misappropriations of trade secrets, racketeering, and unjust enrichment;
>
> b. West Side Unlimited's self-dealing, breaches of fiduciary duties, mismanagement, usurpation of corporate opportunities,

misappropriations of trade secrets, racketeering, and unjust enrichment;

c.    Donald Vogt's racketeering and intentional interference with contracts and prospective business opportunities – interference that has been both improper and done with the primary purpose of financially destroying RFK Transportation Logistics, L.L.C.;

d.    West Side Brokerage's intentional interference with contracts and prospective business opportunities – interference that has been both improper and done with the primary purpose of financially destroying RFK Transportation Logistics, L.L.C.

55.    Defendants' conduct has been willful and malicious, meriting an award of punitive damages.

WHEREFORE, Plaintiffs Korlin Kazimour and Kimberly Kazimour respectfully request that the Court enter judgment in favor of RFK Transportation Logistics, L.L.C. and against Defendants West Side Transport, West Side Unlimited, Donald Vogt, and West Side Brokerage, Inc., award damages in an amount sufficient to compensate RFK Transportation Logistics, L.L.C., award expenses including attorney's fees, award punitive damages, and for such other further relief as the Court deems appropriate.

## Count III – Breach of Fiduciary Duty – Korlin and Kimberly Kazimour Against West Side Unlimited and West Side Transport

56.    Plaintiffs Korlin Kazimour and Kimberly Kazimour restate Paragraphs 1-55 as if fully set forth herein.

57. At all times relevant, West Side Unlimited and West Side Transport owed special and/or fiduciary duties to Korlin Kazimour and Kimberly Kazimour as members of RFK Transportation Logistics, L.L.C.

58. West Side Unlimited and/or West Side Transport breached fiduciary duties owed to Korlin Kazimour and Kimberly Kazimour by self-dealing, usurping opportunities, and otherwise mismanaging RFK Transportation Logistics, L.L.C.

59. Korlin Kazimour and Kimberly Kazimour have suffered damages separate and distinct from the damages sustained by RFK Transportation Logistics, L.L.C.

60. West Side Unlimited's and/or West Side Transport's conduct shows willful disregard for the rights of Korlin Kazimour and Kimberly Kazimour, meriting an award of punitive damages.

WHEREFORE, Plaintiffs Korlin Kazimour and Kimberly Kazimour respectfully request that the Court enter judgment in their favor, award damages in an amount to be proven at trial, award punitive damages, and for such other further relief as the Court deems appropriate.

## Count IV – Derivative Action by Robert F. Kazimour Co. Under Iowa Code Section 490A.1001 Against West Side Unlimited and West Side Transport

61. Plaintiff Robert F. Kazimour Co. restates Paragraphs 1-46 as if fully set forth herein.

62. Plaintiff Robert F. Kazimour Co. asserts derivative claims on behalf of RFK Transportation, L.L.C. against West Side Unlimited, West Side Transport, West Side Brokerage, Inc., and Donald Vogt.

63. At all times relevant, management of RFK Transportation was vested in West Side Transport.

64.     Absent a derivative action, Robert F. Kazimour Co. does not have the authority to cause RFK Transportation, L.L.C. to sue in its own right.

65.     Robert F. Kazimour Co. is excused from making a demand upon RFK Transportation, L.L.C. to sue in its own right, because it would serve no apparent purpose to ask the L.L.C. (through its manager) to sue the manager and the manager's parent corporation, given the allegations that West Side Unlimited and West Side Brokerage have engaged in self-dealing and other breaches of fiduciary duty.

66.     At all times relevant, Robert F. Kazimour Co. was a member of RFK Transportation, L.L.C.

67.     Robert F. Kazimour Co. fairly and adequately represents the interests of the members of RFK Transportation, L.L.C. in enforcing the rights of the L.L.C.

68.     RFK Transportation, L.L.C. has been damaged by the following:

a.     West Side Transport's self-dealing conduct, breaches of fiduciary duties, mismanagement, usurpation of corporate opportunities, misappropriation of trade secrets, racketeering, and unjust enrichment;

b.     West Side Unlimited's self-dealing, breaches of fiduciary duties, mismanagement, usurpation of corporate opportunities, misappropriation of trade secrets, racketeering, and unjust enrichment;

c.     Donald Vogt's racketeering and intentional interference with contracts and prospective business opportunities – interference that

has been both improper and done with the primary purpose of financially destroying RFK Transportation, L.L.C.;

69. Defendants' conduct has been willful and malicious, meriting an award of punitive damages.

70. Defendants' conduct has been willful and malicious, meriting an award of punitive damages.

WHEREFORE, Plaintiff Robert F. Kazimour Co. respectfully requests that the Court enter judgment favor of RFK Transportation, L.L.C. and against Defendants West Side Transport, West Side Unlimited, and Donald Vogt, award damages in an amount sufficient to compensate RFK Transportation, L.L.C., award expenses including attorney's fees, and for such other further relief as the Court deems appropriate.

### Count V – Breach of Fiduciary Duty – Robert F. Kazimour Co. Against West Side Transport and West Side Unlimited.

71. Plaintiff Robert F. Kazimour Co. restates Paragraphs 1-46 and 61-70 as if fully set forth herein.

72. At all times relevant, West Side Unlimited and West Side Transport owed special and/or fiduciary duties to Robert F. Kazimour Co. as a member of RFK Transportation, L.L.C.

73. West Side Unlimited and/or West Side Transport breached fiduciary duties owed to Robert F. Kazimour Co. by self-dealing, usurping opportunities, and otherwise mismanaging RFK Transportation, L.L.C.

74. Robert F. Kazimour Co. has suffered damages separate and distinct from the damages sustained by RFK Transportation L.L.C..

75.     West Side Unlimited's and/or West Side Transport's conduct shows willful disregard for the rights of Robert F. Kazimour Co., meriting an award of punitive damages.

WHEREFORE, Plaintiff Robert F. Kazimour Co. respectfully requests that the Court enter judgment in its favor, award damages in an amount to be proven at trial, award punitive damages, and for such other further relief as the Court deems appropriate.

## Count VI – Declaratory Judgment – Robert Kazimour Against West Side Unlimited and West Side Transport

76.     Plaintiff Robert F. Kazimour restates Paragraphs 1-46 as if set forth herein.

77.     Robert F. Kazimour brings this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 for a declaration of his rights in property controlled by the United States Postal Service.

78.     An actual and substantial controversy exists between Robert F. Kazimour and West Side Unlimited and/or West Side Transport. The United States Postal Service refuses to release the contents of Post Office Box 2207 originally belonging to Robert F. Kazimour, control of which was improperly seized by West Side Transport and/or West Side Unlimited. The United States Postal Service has advised that it will not release the contents or documents relating to the post office box unless it receives authorization from a Court of competent jurisdiction. See Correspondence dated August 1, 2008, attached hereto, marked as Exhibit "A." The United States Postal Service has unequivocally stated it will not recognize an Order from a state or municipal court. Id.

79.     This controversy is an appropriate subject of declaratory relief under 28 U.S.C. § 2201.

80.     Robert F. Kazimour requests that the Court enter an Order declaring that: (a) he is the rightful owner of Post Office Box 2207: (b) neither West Side Transport nor anyone else had authority to change the lock associated with Post Office Box 2207; (c) and Robert F. Kazimour is entitled to review and disburse all mail presently controlled by the United States Postal Service relating to Post Office Box 2207.

WHEREFORE, Plaintiff Robert F. Kazimour respectfully requests the Court enter declaratory relief as requested herein.

## Count VII – Iowa Trade Secrets Act – Plaintiffs RFK Transportation, Inc., Robert F. Kazimour Co., Kimberly Kazimour and Korlin Kazimour Against West Side Unlimited, West Side Transport and West Side Brokerage

81.     Plaintiffs restate Paragraphs 1-75 as if fully set forth herein.

82.     As required by the Operating Agreements of RFK Transportation, L.L.C. and RFK Transportation Logistics, L.L.C., Robert F. Kazimour Co. and RFK Transportation, Inc. contributed capital including confidential information that qualifies as one or more trade secrets under the Iowa Trade Secrets Act.

83.     Robert F. Kazimour Co. and RFK Transportation contributed trade secrets to the new L.L.C.s solely for the L.L.C.s to use to develop their business, which in turn would benefit Robert F. Kazimour Co., Korlin Kazimour, and Kimberly Kazimour when West Side Unlimited was obligated to buy their membership interests in 2010.

84.     West Side Unlimited, West Side Transport and West Side Brokerage have instead used the trade secrets for their own benefit, including but not limited to

misappropriating information regarding customer relationships, needs, future needs, requirements, contacts, etc.

85.     The conduct of West Side Unlimited, West Side Transport and West Side Brokerage constitutes one or more misappropriations of trade secrets under Iowa Code Chapter 550.

86.     RFK Transportation, Inc., Robert F. Kazimour Co., Korlin Kazimour and Kimberly Kazimour have suffered damages separate and distinct from any damages caused to the L.L.C.s as a result of the misappropriations of trade secrets.

87.     West Side Unlimited's, West Side Transport's and West Side Brokerage's misappropriations were willful, entitling Plaintiffs to exemplary damages.

88.     The Trade Secrets Act also provides for the recovery of attorney's fees.

WHEREFORE, Plaintiffs Robert F. Kazimour Co., RFK Transportation, Inc., Kimberly Kazimour and Korlin Kazimour respectfully request the Court enter judgment in their favor, award actual damages, exemplary damages, and attorney's fees, and for such other further relief as the Court deems appropriate.

## Count VIII – Trover/Conversion – Plaintiffs Janco, RFK Transportation, Inc., Pan American World Highways and Robert F. and Janis L. Kazimour Charitable Lead Trust

89.     Plaintiffs Janco, RFK Transportation, Inc., Pan American World Highways, and the Robert F. and Janis L. Kazimour Charitable Lead Trust restate Paragraphs 1-46 as if fully set forth herein.

90.     West Side Unlimited and/or West Side Transport have converted property belonging to Janco, RFK Transportation, Inc., Pan American World Highways, and the Robert F. and Janis L. Kazimour Charitable Lead Trust through the unauthorized retention and

use of trailers and other equipment, despite demands for their return, and the improper retention of insurance proceeds related to a damaged tractor.

91.    Janco, RFK Transportation, Inc., Pan American World Highways, and the Robert F. and Janis L. Kazimour Charitable Lead Trust, have been damaged by West Side Unlimited's and/or West Side Transport's conversion of property.

92.    WHEREFORE, Plaintiffs Janco, RFK Transportation, Inc. Pan American World Highways, and Robert F. and Janis L. Kazimour Charitable Lead Trust respectfully request the Court enter judgment in their favor, award damages in an amount to be proven at trial, and for such other further relief as the Court deems appropriate.

## Count IX – Accounting – Robert Kazimour Co. , Kimberly Kazimour and Korlin Kazimour Against West Side Transport

93.    Plaintiffs restate Paragraphs 1-37 as if fully set forth herein.

94.    The operating agreements of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C. provide that members are entitled to their capital contributions, among other assets to be distributed, upon the dissolution of the respective companies.

95.    During the entire existence of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C., West Side Transport has served as the manager and fiduciary of the companies.

96.    Since approximately November 2007, West Side Transport has failed to provide adequate accounts of the assets and revenues of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C. to Plaintiffs Korlin Kazimour and Kimberly Kazimour and Plaintiff Robert F. Kazimour Co. of the respective companies of which they are members.

97.     West Side Unlimited and West Side Transport are seeking the dissolution of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C.

98.     Due to West Side Transport's failure to account for the assets and revenues of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C. to Plaintiffs Korlin Kazimour and Kimberly Kazimour and Plaintiff Robert F. Kazimour Co. of the respective companies of which they are members, Korlin Kazimour and Kimberly Kazimour and Robert F. Kazimour Company are left without an adequate remedy at law without an accounting.

WHEREFORE, Plaintiffs Korlin Kazimour, Kimberly Kazimour and Robert F. Kazimour Co., as the members of RFK Transportation Logistics, L.L.C. and RFK Transportation, L.L.C., respectively, request that the Court appoint a certified public accountant, at Defendants' expense, and allow access to all books and records of RFK Transportation, L.L.C. RFK Transportation Logistics, L.L.C., West Side Unlimited and West Side Transport to conduct an accounting of assets and revenues misappropriated, as set forth above, that the Court reserve jurisdiction to make all further orders and decrees, not inconsistent herewith, to compel or settle the account and award any appropriate judgment, and all other relief this Court deems proper and equitable.

## Count X – Intentional Interference with Contract – Robert F. Kazimour Co. Against West Side Brokerage, Inc. and Donald Vogt

99.     Plaintiff Robert F. Kazimour Co. restates Paragraphs 1-46 as if fully set forth herein.

100.     Defendants Donald Vogt and West Side Brokerage, Inc. improperly interfered with contracts existing between Robert F. Kazimour Co. and West Side Unlimited,

including the Purchase/Sale Agreement, the Asset Purchase Agreement, and the Operating Agreement of RFK Transportation, L.L.C.,

101.     Vogt's and West Side Brokerage's interference has caused damages to Robert F. Kazimour Co.

102.     Vogt's and West Side Brokerage's actions were done willfully and maliciously, meriting an award of punitive damages.

WHEREFORE, Plaintiff Robert F. Kazimour Co. respectfully requests the Court enter judgment in its favor, award damages in an amount to be proven at trial, award punitive damages, and for such other further relief as the Court deems appropriate.

### Count XI – Intentional Interference with Contract – Korlin Kazimour and Kimberly Kazimour Against West Side Brokerage, Inc. and Donald Vogt

103.     Plaintiffs Korlin Kazimour and Kimberly Kazimour restate Paragraphs 1-46 as if fully set forth herein.

104.     Defendants Donald Vogt and West Side Brokerage, Inc. improperly interfered with contracts existing between Korlin and Kimberly Kazimour on the one hand and West Side Unlimited on the other hand, including the Purchase/Sale Agreement and the Operating Agreement of RFK Transportation Logistics, L.L.C.,

105.     Vogt's and West Side Brokerage's interference has caused damages to Kimberly Kazimour and Korlin Kazimour.

106.     Vogt's and West Side Brokerage's actions were done willfully and maliciously, meriting as award of punitive damages.

WHEREFORE, Plaintiffs Korlin Kazimour and Kimberly Kazimour respectfully requests the Court enter judgment in their favor, award damages in an amount to be proven at trial, award punitive damages, and for such other further relief as the Court deems appropriate.

**Count XII – Breach of Asset Purchase Agreement – Robert F. Kazimour Co. Against West Side Unlimited**

107.    Robert F. Kazimour Co. restates Paragraphs 1-46 as if fully set forth herein.

108.    Defendant West Side Unlimited breached the Asset Purchase Agreement by failing to make payments on the tractor and trailer leases it assumed.

109.    Robert F. Kazimour Co. has been damaged by West Side Unlimited's failure to make these lease payments.

WHEREFORE, Plaintiff Robert F. Kazimour Co. respectfully requests that the Court enter judgment in its favor, award damages in an amount to be proven at trial, and for such other further relief as the Court deems appropriate.

**Count XIII – Intentional Interference with Contract – Janis Kazimour Against Donald Vogt and West Side Transport**

110.    Janis L. Kazimour restates Paragraphs 1-46 as if fully set forth herein.

111.    Donald Vogt and West Side Transport intentionally interfered with the lease agreement between RFK Transportation, L.L.C. and Janis L. Kazimour.

112.    Vogt's and West Side Transport's interference was improper.

113.    As a result of Vogt's and West Side's intentional and improper interference, Janis L. Kazimour has sustained damages.

WHEREFORE, Plaintiff Janis L. Kazimour respectfully requests that the Court enter judgment in her favor, award damages in an amount to be proven at trial, and for such other further relief as the Court deems appropriate.

### Jury Demand

Plaintiffs demand trial by jury on all counts so triable.

_/s/ Donald G. Thompson_
DONALD G. THOMPSON (#AT0007813)
VERNON P. SQUIRES (#AT0007443)
      of
BRADLEY & RILEY PC
2007 First Avenue, SE
P.O. Box 2804
Cedar Rapids, IA  52406-2804
Phone: (319) 363-0101
Direct Dial: (319) 861-8726
Fax:    (319) 363-9824
Email:  dthompson@bradleyriley.com
        vsquires@bradleyriley.com